JERRY L. SULLIVAN C-66878
SAN QUENTIN STATE PRISON 3-N-76
SAN QUENTIN, CA 94974

In Pro Se

FILED
08 AUG 11 AM 8:19

# IN THE UNITD STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY L. SULLIVAN, ) | Case No. C 08-1837 VRW (PR) |
| Petitioner, ) | PETITIONER'S OPPOSITION TO RESPONDNET'S REQUET FOR STAY PENDING THE ISSUANCE OF MANDATE IN HAYWARD V. MARSHALL. |
| v. ) | |
| ROBERT L. AYERS, Warden, ) | |
| Respondent. ) | |

On July 19, 2008, Respondent filled a request for a stay pending the issuance of the mandate in Hayward v Marshall. Respondent argues that the interest of judicial economy and fairness requires at stay in this case. Respondent's argument fails to account for the irreparable harm that will be suffered by Petitioner.

Petitioner has now programmed exceptionaly for over 25 years in custody. He has been denied parole over at least 11 times, primarily based upon the circumstances of his commitment offense. Petitioner maintains that his continued custody violates his right to due process. Each day that Petitioner remains in state custody beyond his rightful release date is a day that he is deprived of his liberty interest. There is no remedy that

1

can adequately address this loss, thus a stay of the proceedings would be manifestly unfair to Petitioner.

## ARGUMENT

As noted by Respondent, a trial court has the discretion to ensure the just and efficient determination of a case by staying it pending the resolution of other proceedings where a stay would be "efficient for the court's docket and the fairest courts for the parties." Leyva v. Certified Grocers of Cal., 593 F.2d 87, 83-864 (9th Cir. 2008). In determining whether to grant a stay, a court should consider the possible damage that ma result, the hardship or inequity that a party ma suffer, and the orderly course of justice, in terms of simplifying or complicating the issues, proof, and questions of law, that could result from the issuance of a stay. Lockyer v. Mirant Corp., 398 F.3d 1098, 1109, 111 (9th Cir. 2005).

In requesting a stay of the proceedings, Respondent argues that efficiency and judicial economy weigh in favor of a stay, because of the potential uncertain outcome of Hayward v. Marshall, 512 F.3d 536 (9th Cir. 2008). However, Respondent fails to full acknowledged the potential irreparable harm suffered by Petitioner with the loss of his liberty during the stayed proceedings, especially in light of the strength of his cae. Based upon these factors, Petitioenr respecfully asks this Court to deny Respondent's request for a stay.

In assessing the potential harm, the Court must consider Petitioner's likelihood of success given the current state of the law as this is critical to the issues of fairness. Petitioner

2

contends that the current state decisions are important in assessing the state of the law. In the past few months the California state courts have acknowledged that the defential some evidence standard must be reconciled with the inmates' liberty interest and the central statutory scheme which focuses on whether the inmate would currently pose a danger to society if released on parole, (See In re Singler, 116 Cal.App.4th 281 (2008); In re Burdan, 176 Cal.App.4th 14 (2008); In re Viray, 161 Cal.App.4th 1405 (2008). The need to reconcile the interest was also recognized by the Ninth Circuit in Hayward v. Marshall, 512 F.3d 536 (9th Cir. 2008).

In reconciling the interests, both the state and federal courts have agreed that the appropriate inquiry of some evidence focuses not on whether a reason given by the Board of Parole Hearings (Board) or the Governor finds evidentiary support, but instead on whether the evidence supports the conclusion that the prisoner's release currently poses an unreasonable risk of danger to the public. (See Id.; Singler, 161 Cal.App.4th 306, 313 (2007); In re Barker, 151 Cal.App.4th 346, 366 (2007).

The procedural background on the Singler case underscorse the significance of the acknowledged "some evidence" standard at the state level. In Singler, (2008) 161 Cal.App.4th the Court of Appeal explained:

> The California Supreme Court grant Singler's petition for review and transferred the matter to this court, with directions to vacate our denial of the petition and to order the Board to show case wh it "did not abuse its decretion and violate due process in finding petitioner unsuitable for parole in June 2006, and why petitioner remains a danger to public safet. [Citation]." ... The

3

> Supreme Court's order - signed by the author if In re
> Rosenkrantz, supra, 29 Cal.4th 616 and five other members
> of the court (only Justice Baxter did not endorse the
> order) - indicates to us the Supreme Court has endorsed
> subsequent Court of Appeal decisions that give courts
> greater leeway in reviewing the Board's determination
> that an inmate remains a danger to public safety. No longer
> giving the Board the deference to which we thougt it was
> entitled (In re Rosenrantz, supra, 29 Cal.4th at pp. 655,
> 677, 679), we must now conclude that its decision finding
> Singler unsuitable for parole is not supported by the
> evidence presented at the time of the hearing.

Singler at 282

As set forth above, the Singelr court recognized the California Supreme Court's intent to give courts more extensive review of the executive branch's denial of parole to state prisoners. In applying the same standards. Hayward mirrors the same standards. Hayward mirrors the state's interpretation of due process with regard to state law. Both Hayward and the state court decisions reflect interpretation of existing law, and Petitioner contends that he is entitled to relief under the "some evidence" standard reflectd in these decisions. Indeed, Petitoner contends that the current state of the law bolsters his lielihood of success and weighs against staing the current proceedings.

In addition, Singler and Hayward, have also acknowledged the due proces violation based on the executive branch's continued reliance upon immutable factors in denying parole. In Singler, the court concluded, "[a]s we now understand the test apparentl embraced by the California Supreme Court, a court may overturn the Board's denial of parole based solely on the nature of the commitment offense if (1) a significant pariod

of time has passed since the cirme, (2) there is uncontroverted evidence of the inmate's rehabilitation, and (3) the crime was not committed in such an especially heinous, atrocious, or cruel manner so as to undermine the evidence that the inmate's rehabilitative efforts demonstrates he no longer would be a danger to society if reeased on parole." Singler, at 301. In applying this standard, the Singler court found that a significant amount of time (nearly 25 years) had passed the other suitability factors favored parole, and the facts of the crime were not so "'especially heinous, atrocious or cruel' [citation] as to undermine of the evidence that his rehabilitative efforts demonstrated he no longer would be a danger to public safety if released on parole." Id. Accordingly, the Singler court granted habeas relief and ordered the conditional release of petititoner. Again, the Hayward decision generally mirrors the Singler court's analsis in finding a due process violation with the executive branch's continued releiance upon immutable factors in denying parole. See Hayward, at 546, 547. Petitoner contends that his Kidnapping conviction, and exemplary prison record is even much stronger than the murder case decided in the above mentioned cases. By the Board's own regulations, Petitoner is supposed to serve half the time of someone that actually committed murder. (See CCR. Title 15 § 2403).

Further, the Ninth Circuit has long recognized that a due process violation may arise from the executive branch's continued reliance upon immutable factors in denying a state

5

prisoner parole. (See Biggs v. Terhune, 334 F.3d 910, 916-917 (9th Cir. 2003); Irons v. Carey 505 F.3d 846, 853 (9th Cir. 2007). In addition, Petitioner relied upon the exisiting Ninth Circuit case law in his habeas petition, and he believes that he is entitled to relief upon exisiting federal law. This further weighs against imposing a stay in Petitoner case.

Finally, Respondent suggest that a stay would not unfairly delay Petitioner in pursuing his claims and would be the fairest course for the parties. Respondent' Request for a stay at 3. Respondent's suggestion ignores the underling harm that is alleged in this case. There is no adequate remedy for each day that Petitoner remains in state custody beyond his rightful day of release. Indeed, the loss of his liberty represents a profound irreparable harm. Each day that Petitioner spends in state custod is lost forever. Therefore, fundamental fairness demands that this Court deny Respondent's request for a stay.

Dated this 5th, day of August 2008.

Jerry L. Sullivan
In Pro Se

## PROOF OF SERVICE

I, Noel Valdivia Sr. C-29917, declare that I am over the age of 18 years of age and not a party to this matter. I am familiar with the business practice of the San Quentin's Correctional staff of collection and processing of correspondence for mailing with the United States Postal Service.

On August 5th, 2008, I served the attached "OPPOSITION TO RESPONDENT'T REQUEST TO STAY PROCEEDING PENDING ISSUANCE OF MANDATE IN HAYWARD" by placing a true copy thereof enclosed in a sealed envelope with postage thereon addressed as follows:

OFFICE OF THE ATTORNEY GENERAL
455 GOLDEN GATE AVE. STE. 11000
SAN FRANCISCO, CA 94102-7004

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on this 5th, day of August 2008, at San Quentin State Prison 94964.

Noel Valdivia Sr.
Declarant

JERRY L. SULLIVAN C-65878
SAN QUENTIN STATE PRISON 3-N-76
SAN QUENTIN, CA 94974

Legal Mail

UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVE.
SAN FRANCISCO, CA 94102-3483

94102$3651 C004



000424828 3
MAILED FROM ZIP CODE 94964
AUG 06 2008
$00.00