IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JERRY L SULLIVAN,                    No C-08-1837 VRW (PR)

    Petitioner,

    v                                ORDER GRANTING PETITION FOR
                                     WRIT OF HABEAS CORPUS
ROBERT L AYERS, Warden,

    Respondent.
_____/

    Petitioner Jerry L Sullivan, a state prisoner incarcerated at San Quentin State Prison in San Quentin, California, seeks a writ of habeas corpus under 28 USC § 2254 challenging the California Board of Parole Hearings' ("BPH") July 30, 2007 decision to deny him parole at his twelfth parole suitability hearing. Doc #1.

    On October 21, 2009 the court granted petitioner habeas relief based on his challenge to BPH's July 21, 2006 decision to deny him parole at his eleventh parole suitability hearing. See Sullivan v Ayers, No C-07-4963 VRW (PR) (ND Cal filed Sept 26, 2007), Doc #12; see Doc #20 (amended order filed Nov 4, 2009). The thirty-three page order included a comprehensive discussion of

petitioner's commitment offense and other factors relevant under California law in determining his parole suitability upon which BPH relied to deny him parole. Initially, the court observed:

> At the time he was denied parole in 2006, fifty-three-year-old petitioner had served twenty-three years on his seven-to-life sentence – over thirteen years past his minimum eligible parole date – during which he had exhibited, in the words of BPH, "pretty close to * * * exceptional" institutional behavior, Doc #9-2 at 95; Doc #9-3 at 4; see also Doc #9-2 at 100 (petitioner's "institutional adjustment[] [has] been exceptional"; petitioner's disciplinary record has been "outstanding"; id at 56-57 (during the hearing BPH "commend[ed] [petitioner]" for his "remarkable and outstanding record" throughout the duration of his life term). After recognizing petitioner's "unblemished disciplinary profile," his "positive programming" and "excellent rapport with both inmates and staff," the July 2006 "Life Prisoner Evaluation Report" concluded:
>
>> Based on the absence of a prior criminal history (taking into account his commitment offense), his prison adjustment, the findings in his psychiatric reports, and his family support I believe [petitioner] will re-integrate into society without incident. I did not note any information that would indicate he would not be able to function as a law-abiding citizen should he be allowed parole at this time.
>
> Doc #9-5 at 49. And, the doctor who prepared the psychological report specifically for petitioner's parole suitability hearing concluded: "[g]iven [petitioner's] history, institutional adjustment, and present clinical presentation there are no psychological factors that would suggest an increased risk for violent behavior, in either the community, or a controlled setting at the present time." Doc #9-3 at 31.

Doc #20 at 1-2. The court proceeded with a thorough analysis, and ultimately concluded:

2

> After careful review of the record and pertinent law, the court finds there simply is no evidence that petitioner was not suitable for parole and would pose an unreasonable risk of danger to society or a threat to public safety if released from prison. The state court's determination that BPH's reliance on the commitment offense as well as what it termed petitioner's "uncertain parole plans" satisfied the "some evidence" standard was an objectively unreasonable application of [Superintendent v Hill, 472 US 445, 457 (1985)]. See 28 USC § 2254(d). As a result, petitioner is entitled to federal habeas relief on his due process claim.

Id at 32-33.

The court then ordered respondent to calculate a term for petitioner and set an imminent date for his release in accordance with California Penal Code § 3041(a) and, within ten days of petitioner's release, to file a notice with the court confirming the date on which petitioner was released. Doc #20 at 33. Respondent promptly filed in the Ninth Circuit a notice of appeal and a motion to stay the proceedings pending appeal, which that court granted.[1] Doc ## 13 & 14 & 19. See Sullivan v Ayers, No 09-17403 (9th Cir, filed Oct 28, 2009).

In the instant petition, petitioner challenges BPH's July

---

[1] On November 2, 2009, BPH conducted petitioner's thirteenth parole suitability hearing and issued a "proposed decision" granting him parole. See Sullivan v Ayers, No C-07-4963 VRW (PR) (ND Cal filed Sept 26, 2007), Doc #23 at 1 & 5. That decision, however, is not yet final. See Cal Pen Code § 3041(b) ("any decision of the parole panel finding an inmate suitable for parole shall become final within 120 days of the date of the hearing" during which time BPH may review the decision). Further, under California Penal Code § 3041.1, the governor may request review of BPH's decision to grant parole "up to 90 days prior to a scheduled release date." It is unclear from the November 2, 2009 "proposed decision" whether or not petitioner has a scheduled release date.

3

July 30, 2007 decision finding him unsuitable for parole on the ground that it does not comport with due process. Specifically, petitioner argues that BPH's decision was "arbitrary" and "capricious" because the record did not contain any evidence that he presently posed a danger to society. <u>Sullivan v Ayers</u> No C-08-1837 VRW (PR) (ND Cal filed Apr 7, 2008), Doc #1 at 13-14. In deciding to deny petitioner parole, BPH again relied on the commitment offense, as well as petitioner's "inability" to express himself, which led BPH to "feel[] that maybe there's an [American with Disabilities Act] issue here that we're not picking up that's some kind of block on processing * * * information." Id, Doc #6-2 at 18.

The instant petition raises substantially similar issues presented to the court by petitioner in his challenge to his 2006 denial of parole. In granting petitioner relief in that action, the court could have, and indeed perhaps should have, included a discussion of the instant petition challenging petitioner's 2007 parole denial and decided both petitions simultaneously. Because an appeal regarding the court's grant of habeas relief on that petition is pending, the court now lacks jurisdiction to amend the order granting relief to include a discussion of petitioner's challenge to his 2007 denial of parole.

After carefully reviewing the record now before the court, the court finds for essentially the same reasons stated in its order granting petitioner habeas relief on his challenge to his 2006 parole denial that there was no evidence at the time of petitioner's July 30, 2007 hearing that he was not suitable for parole and would

4

pose an unreasonable risk of danger to society or a threat to public safety if released from prison. The court further finds the state court's determination that the "some evidence" standard was satisfied by the evidence presented at the hearing was an objectively unreasonable application of <u>Superintendent v Hill</u>, 472 US 445, 457 (1985).[2] See 28 USC § 2254(d). As a result, petitioner is entitled to federal habeas relief on his due process claim.

Accordingly, the petition for writ of habeas corpus is GRANTED. Within twenty days of the date of this order, BPH must calculate a term for petitioner and set an imminent date for his release in accordance with California Penal Code § 3041(a). Within ten days of petitioner's release, respondent must file a notice with the court confirming the date on which petitioner was released.

In the event respondent files a timely notice of appeal of this order, in the interest of judicial economy, the court of appeals may wish to consolidate this appeal with the appeal pending in <u>Sullivan v Ayers</u>, No 09-17403 (9th Cir, filed Oct 28, 2009). See FRAP 3(b)(2).

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\HC.08\Sullivan-08-1837-bph-grant.wpd

---

[2] Even the state court "recognize[d] that [BPH's] reasoning process was not completely flawless." Doc #6-5 at 89.

5